**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4319**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY WILSON HARTLEY, a/k/a Jake,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:16-cr-00023-JPB-MJA-2)

Submitted:  November 19, 2019                    Decided:  November 21, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHLL, PC, Richmond, Virginia, for Appellant. Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Wilson Hartley pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Hartley's plea was valid, whether the district court erred in calculating Hartley's Sentencing Guidelines range, and whether trial counsel was ineffective. Hartley has filed a pro se supplemental brief, contending that the district court erred in calculating his criminal history category. We affirm the district court's judgment.

We first review the adequacy of the Fed. R. Crim. P. 11 hearing; because Hartley did not move to withdraw his guilty plea, we review the hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea was voluntary and not the results of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Hartley consented to the magistrate judge conducting the Rule 11 hearing and the magistrate judge fully complied with Rule 11. *See United States v. Benton*, 523 F.3d 424, 431-33 (4th Cir. 2008).

Turning to the calculation of Hartley's Guidelines range, "[w]e accord due deference to a district court's application of the sentencing guidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). Because Hartley did not object to the Guidelines calculations in the district court, we review them for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015).

We discern no plain error. The district court applied the parties' stipulation regarding the base offense level, a stipulation supported by the evidence in the presentence report. *See United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) ("[T]he defendant bears an affirmative duty to show that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." (internal quotation marks omitted)). The district court appropriately applied enhancements because Hartley conducted a drug sale while possessing a firearm and supervised a conspiracy involving more than five individuals. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), 3B1.1(b) (2016). The court correctly applied two criminal history category points because Hartley was sentenced on an obstruction charge during the conspiracy. *See* USSG § 4A1.1(d). While Hartley contests the motives underlying the state prosecution, this is not a relevant factor in calculating the criminal history score. Finally, while counsel and Hartley question whether trial counsel was ineffective, counsel's ineffectiveness does not appear on the face of the record; thus, Hartley should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Hartley, in writing, of the right to petition the Supreme Court of the United States for further review. If Hartley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hartley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*